UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANNA CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-11127-LTS |
| | ) | |
| BOSTON LITIGATION SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON BOSTON LITIGATION
SOLUTIONS, LLC'S MOTION TO AMEND COUNTERCLAIM
[Docket No. 134]

January 4, 2016

Boal, M.J.

This matter is before the Court on defendant Boston Litigation Solutions, LLC's motion to amend its counterclaim to add a claim under the Computer Fraud and Abuse Act. Docket No. 134.[1] For the following reasons, this Court recommends that the District Judge assigned to this case deny the motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2013, Cruz filed this action against her former employer, Boston Litigation Solutions ("BLS"), a company providing electronic discovery, data processing, and imaging services for law firms, federal and state government agencies, and companies in Massachusetts and throughout the United States. Docket No. 1; see also Amended Complaint, Docket No. 26 ("AC") ¶ 8; Counterclaim, Docket No. 29 ("CC") ¶ 5. She filed an Amended Complaint on

---

[1] On January 9, 2015, the District Court referred the case to the undersigned for full pretrial proceedings. Docket No. 71.

1

February 25, 2014.  Docket No. 26.  The District Court set a deadline of September 30, 2014 for the filing of any motions seeking to further amend the pleadings.  Docket No. 48.

Cruz was employed at BLS from August 16, 2010 to March 5, 2013.  AC ¶ 3.  Cruz alleges that she routinely worked 70 to 80 hours per week.  AC ¶ 18.  Cruz alleges that BLS failed to pay her overtime wages in violation of federal and Massachusetts law.  AC ¶¶ 71-77; 78-83.  She also alleges various violations of federal and Massachusetts disability law.

BLS filed a counterclaim against Cruz.  Docket No. 29.  BLS alleges that Cruz breached a Confidentiality Agreement with BLS when she sent draft evaluations, which contained BLS' confidential information, to an individual at one of BLS' major law firm clients (the "Firm").  Counterclaim ("CC") ¶ 11.  BLS alleges that it lost a significant portion of its business from the Firm after Cruz sent the confidential information to the Firm.  CC ¶ 13.  BLS claims $6 million in damages from Cruz's alleged breach of the Confidentiality Agreement.  Docket No. 62-3 at 38.

On October 2, 2015, BLS filed a motion for leave to amend its counterclaim to add a claim, "in the alternative," for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  Docket No. 134.[2]  Cruz filed an opposition on December 4, 2015.  Docket No. 169.  The Court heard oral argument on December 9, 2015.

II.     ANALYSIS

   A.     Standard Of Review

Leave to amend "shall be freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases."  Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d

---

[2] The proposed counterclaim can be found at Docket No. 126.  BLS originally filed the amended counterclaim without seeking leave of court.

57, 71 (1st Cir. 2001) (internal quotation marks omitted).  A court "enjoys significant latitude in deciding whether to grant leave to amend" and the court's decision receives deference "if any adequate reason for the denial is apparent on the record."  U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citations omitted).  Reasons for denying leave to amend include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment.  Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Moreover, after the deadline set forth in the scheduling order for filing an amendment has passed, the "freely given" standard is replaced by the more demanding "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure.  Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 327 (1st Cir. 2008).  The purpose of limiting the period for amendment is to assure "that at some point both the parties and the pleadings will be fixed."  Adv. Comm. Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b).  It is incumbent upon the party moving to amend in such circumstances to explain the reason for the late filing.  "Unlike Rule 15(a)'s 'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment."  Vargas Caban v. Caribbean Transp. Servs., No. 02-1902, 2005 WL 3560689, at *1 n. 2 (D.P.R. Sept. 23, 2005) (internal citations omitted).

  B. BLS' Proposed Amendment Is Futile

One reason to deny amendment is futility.  Amendment is futile when the complaint as amended would not survive a motion to dismiss.  Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).  The Court finds that BLS's proposed amended counterclaim would be futile.

BLS seeks to add a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"). An individual is liable under the CFAA if she:

> [K]nowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

18 U.S.C. § 1030(a)(4). Here, the proposed amended counterclaim does not allege any facts to support an intent to defraud or that Cruz herself obtained anything of value as a result of her accessing of BLS's computer network. Moreover, the proposed amended counterclaim does not sufficiently allege that Cruz accessed BLS' computer network "without authorization" or by "exceed[ing] authorized access."

The phrase "without authorization" is not defined in the CFAA. To "exceed authorized access" is defined as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). There are two lines of cases interpreting the meaning of "authorization:"

> The first position, advocated by the defendants, espouses a narrow interpretation of the CFAA, holding that the phrase "without authorization" only reaches conduct by outsiders who do not have permission to access the plaintiffs' computer in the first place. In contrast, other courts have opted for a more expansive view, finding that an employee accesses a computer "without authorization" whenever the employee, without the employer's knowledge, acquires an interest that is adverse to that of his employer or is guilty of a serious breach of loyalty.

Guest-Tek Interactive Entertainment, Inc. v. Pullen, 665 F. Supp. 2d 42, 45 (D. Mass. 2009) (internal citations omitted). Even accepting the more expansive view of "without authorization" as controlling, BLS has not stated a claim under the CFAA.

The only allegation in the counterclaim regarding Cruz's authorization appears at paragraph 7:

> In her role as manager of the Production Department, Cruz routinely accessed BLS's computer network, including the management portal that required a specifically-assigned user name and password. Rank and file employees, on the other hand, were not allowed to access company computers or the BLS network.

CC ¶ 7. In its memorandum of law, BLS explains that it is proceeding under the theory that if, in this action, "Cruz is somehow determined not to have been a manager, then as a rank and file employee she was exceeding her authorization in accessing BLS's 'protected computers,' as that term is defined in the CFAA." Docket No. 135 at 5. BLS fails to allege that Cruz did not have company authorized access to the computer. In essence, BLS's argument goes as follows: (1) only managers are authorized to have network access and given assigned usernames and passwords; (2) Cruz was classified as a manager and therefore granted network access; (3) because Cruz was a manager she was not paid overtime; (4) if, through this proceeding, it is now determined that BLS misclassified Cruz as a manager and therefore was entitled to overtime, then she retroactively did not have authorization to access BLS's computer network. BLS's argument is nonsensical. Accordingly, the Court finds that BLS's proposed amendment would be futile.

III. RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case deny BLS's motion to amend its counterclaim.

IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written

5

objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

                                                 /s/ Jennifer C. Boal
                                                 JENNIFER C. BOAL
                                                 UNITED STATES MAGISTRATE JUDGE